## THATCHER & CO. v. MASSEY.

1. Exceptions to an intermediate decree should be taken at the time; still, if not taken until final decree rendered, they will be considered.
2. A note for advances payable at a future day, secured by an agricultural lien, which provides for interest on the advances at the rate of two and one-half per cent. a month from the date of each, after maturity draws legal interest only.
3. A mortgage of land and agricultural lien were taken to secure advances to the extent of $2,000, but advances thereunder were made to a larger amount, and the cotton crop covered by this agricultural lien was shipped to the creditor without direction as to its application. *Held*, that the proceeds of the cotton was applicable to the $2,000 indebtedness, and the creditor could not apply it to the unsecured excess.
4. But other payments made by the debtor without directions, the creditor could apply to any demands he then held against the debtor, and this right the creditor could exercise at any time before verdict or judgment.
5. Concurrent finding of fact by referee and Circuit judge, approved.

---

Before PRESSLEY, J., and HUDSON, J., Lancaster, October, 1881, and June, 1883.

This case is fully stated in the opinion.

*Messrs. R. E. & R. B. Allison,* for appellants.

*Mr. Ernest Moore,* contra.

March 11th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. J. Y. Bryce & Co. agreed to advance to the defendant, Massey (respondent), for the year 1870, to the extent of $2,000, and on the second day of May of that year a very considerable portion of this amount having been advanced, to wit, $1,455.40, Massey executed and delivered to the said Bryce & Co. an instrument under seal, in which he promised to pay them or order, on or before November 1st, next, the said sum ; and on the same day he executed a mortgage of certain real estate situate in Lancaster county, and also an agricultural lien on the crops of that year, to secure the payment of the said sum of $2,000, agreed to be advanced, in which was included the $1,455.40, already advanced as stated above. It was stipulated in this agricultural lien, that Massey should pay two and one-half per cent. per month on the advances from the date of each. Shortly after the execution of the above-mentioned note for $1,455.40 and the mortgage and agricultural lien, Bryce & Co. assigned and transferred the same to the plaintiffs, Thatcher & Co., but of this transfer the respondent, Massey, had no knowledge until this suit was brought in November, 1873.

During the year 1870, Bryce & Co. advanced to Massey, in money and supplies, including the $1,455.40, to the amount of $2,532.68; besides the interest thereon, which was in excess of the $2,000 agreed to be advanced, by the sum of $532.68. Bryce & Co. continued to advance in the year 1871, and also to a small amount in 1873, and they had also advanced in 1869, at the end of which year Massey had to his credit the sum of $37.92. The cotton crop of 1870, amounting to thirty-four bales, was received by Bryce & Co., to wit, three bales in December, 1870, and thirty-one bales in the Spring of 1871, at different times from January to May, the net proceeds amounting to some $2,005.91 ; and in 1872 Massey delivered four bales of the crop of 1871, the net proceeds of which amounted to $357.47. In the spring of 1871, Bryce & Co. received from Massey four mules, alleged by Massey as a sale to Bryce & Co. at $200 each. One of these mules was afterwards returned to Massey, leaving the other three in the hands of Bryce & Co. at

$600. There were other credits claimed by Massey, but it is unnecessary to notice them here under these circumstances.

The plaintiffs, Thatcher & Co., to whom, as stated above, the $1,455.40 note with the mortgage and agricultural lien had been assigned, brought this action on said note and for foreclosure of the mortgage. The defendant answered, pleading payment of all advances secured by said mortgage and agricultural lien, by credits of his cotton crop of 1870, by the balance to his credit at the end of the year 1869, to wit, $37.90, and by $600, the price of three mules sold to Bryce & Co., and he denied that a valid assignment had been made to the plaintiffs of the note and mortgage, &c. In 1875 the case was referred to a referee, whose report was heard by Judge Pressley in 1881, upon exceptions from both sides. In this report the referee took into the account the entire transactions between J. Y. Bryce & Co. and the defendant, Massey, from 1869 to 1873, and after crediting upon the indebtedness of Massey the proceeds of the cotton received by J. Y. Bryce & Co. during that time, the mules at $600, the balance due Massey from the transaction of 1869, $37.90, over-charge on bacon, damaged bacon, and amount paid by B. R. Smith & Co., $207.25, &c., found as matter of fact that the sum of $561.35 was due by the said Massey on September 16th, 1881, which, by virtue of the assignment to the plaintiffs of the note and mortgage, belonged to the plaintiffs.

To this report the plaintiffs excepted, alleging error: First. Because the referee had charged two and one-half per cent. per month interest on the cash advances only, whereas the terms of the agricultural lien stipulated for that per cent. upon all advances, whether of cash or supplies. Second. Because the referee gave Massey credit for $600, the price of the mules, when said mules were only placed in the hands of Bryce & Co. for sale, who sold them for $390 only. Third. Because the referee charged interest on the $1,455.40 at two and one-half per cent. per month only to January 1st, 1871, when this per cent. should have been charged until the note was paid, and also, the same error as to the items of advance, other than the note—with some other exceptions not material. The defendant also excepted upon various grounds, not necessary to be mentioned

now, and gave notice that he would move the court for a recommittal of the report.

On hearing the report and exceptions, Judge Pressley adjudged that the interest on the sealed note should be computed after maturity at seven per cent. per annum; that the interest on all the other advances made under the lien should be computed from the date of each at two and one-half per cent. a month up to January 1st, 1871; that the proceeds of the crop of 1870 should be applied first to the indebtedness of Massey for advances made by Bryce & Co. to him in that year, represented by the note and account which was secured by the mortgage, and that the same should be applied as of the date or dates when said cotton was sold. That all other payments should be applied in accordance with the directions of the defendant, Massey, at the time the same were made, and that if no direction was given the same should be applied to any indebtedness then due, if so directed or done by J. Y. Bryce & Co. before suit brought, and that in the absence of any such application by either party, the same should be applied to any indebtedness then due not secured by mortgage. And after overruling all other exceptions not embraced in this ruling, he ordered the report to be recommitted to the master to state the accounts on the indebtedness of the year 1870 by note and account, according to the principles stated, and that either party have leave to introduce further evidence as to the particular matters above mentioned.

Under this order the referee made a second report, estimating the entire advances of the year 1870, as follows, to wit: Total advances outside of the note, with interest at two and one-half per cent. per month to January 1st, 1871, $1,538.78; amount of advances included in the note, interest at seven per cent. to January 1st, 1871, $1,472.36; total amount of advances to January 1st, 1871, $3,011.14. This amount he credited with the balance due from the transactions of 1869, $37.92, with damaged bacon, over-charge on bacon, the cotton crop of 1870, and $600 for the three mules, making the aggregate $2,649.21, which being deducted left a balance on the entire advances of 1870, of $361.93, to which interest being added, he found due

2K

on June 12th, 1882, the sum of $651.87 to the plaintiffs, Thatcher & Co., assignees of Bryce & Co. On this reference, testimony was offered by the plaintiffs as to the mules, but this was ruled out, the referee holding that the decree of Judge Pressley had concluded that question, and that under said decree he had no other alternative but to credit the mules on the advances of 1870, and at the price of $600.

To this report both plaintiffs and defendant again excepted. The plaintiffs, because the referee excluded the testimony offered by them as to the value of the mules, on the ground that Judge Pressley had adjudged this matter, fixing the amount to be credited at $600. 2. Because there was no testimony that the value of these mules should be credited on the accounts of 1870, or that their value was $600. And, 3. Because the cotton crop should not have been credited at date of January 1st, 1871, as much of it was received after that date. The defendant, because, first, that the referee did not apply the proceeds of the cotton of 1870, and also all the other credits allowed by him, to the note and account secured by mortgage and agricultural lien, instead of the whole advance of that year; and, second, that he charged interest on the items of the account, outside of the note and account secured by lien and mortgage.

Upon the hearing of this report and exceptions Judge Hudson dismissed the complaint with costs, holding that the value of the mules was properly fixed at $600, and that this sum, with the cotton crop, should be applied to the advances of $2,000, under the agreement, secured by mortgage and agricultural lien, which being done would extinguish the mortgage, leaving the plaintiffs without cause of action.

From this decree the plaintiffs have appealed, and now seek a review not only of this decree, but of the decree of Judge Pressley also, having excepted to both within ten days after the final decree of Judge Hudson. The exceptions to decree of Judge Pressley assign error: first, in that he restricted the referee to the indebtedness of Massey for the year 1870, represented by note and account, aggregating $2,000; second, in that he directed the proceeds of the cotton crop and other payments by Massey to be credited on this sum, when Massey was indebted

to Bryce & Co. upon other large amounts growing out of the transactions of 1870, 1871, 1872 and 1873, besides other large claims; and, third, because interest on the note of $1,455 should have been allowed at thirty per cent. per annum.

The decree of Judge Hudson is objected to on the grounds: first, because the estimate of Massey's indebtedness was restricted to the $2,000, advanced in 1870 and secured by mortgage and lien, when during that year Bryce & Co. advanced some $606.77 over and above the $2,000, besides other advances in 1871 and 1872, which should have been embraced, and upon which the price of the mules and other payments should have been applied, there being no evidence to show that the mules were received in part payment of the advances of 1870, or that Massey so directed such application, and, further, that the mules were not worth more than $300; and, second, because the decree of Judge Hudson does not conform to the principles laid down by Judge Pressley.

The respondent denies the right of appellant to have the decree of Judge Pressley reviewed as an intermediate decree, no notice of appeal or exceptions having been filed or given thereto until after the final decree of Judge Hudson. While it would be better practice, for obvious reasons, that exceptions should be filed to the intermediate decree, in view of a possible appeal from the final decree, when, in such event, it would be proper to have the intermediate decree reviewed; yet, under the cases of *Hyatt* v. *McBurney*, 17 *S. C.* 143, and *Lee* v. *Fowler*, 19 *S. C.* 607, the omission to file such exceptions is not legal error. The objection, therefore, of respondent cannot avail. Both decrees are before us, and must be considered.

We see no error in the decree of Judge Pressley as to the following matters excepted to. His ruling that the note should be computed at seven per cent. interest after maturity is sustained by *Sharpe* v. *Lee*, 14 *S. C.* 341, and there is no exception as to interest on the accounts. There can be no question as to the correctness of his direction, that the proceeds of the cotton crop of 1870 should be applied to the note and account secured by the mortgage and agricultural lien, in exclusion of all other indebtedness. This debt of $2,000, by express contract between the parties, had a

positive lien on this cotton, as evidenced by the agricultural lien agreement, which could have been enforced by warrant from the clerk, if any effort had been made of a different application. But the rules laid down by him, by which to determine the application of the other payments—to wit : That they should be credited as directed by the debtor, if any ; if not, then at the discretion of the creditor before suit brought ; if not, then to such of the debts as were not secured by mortgage—are not in accordance with *Heilbron* v. *Bissell, Bailey Eq.* \*430, and *Brice* v. *Hamilton,* 12 *S. C.* 32. These cases decide that the creditor has until verdict or judgment to apply the payments, instead of before "suit brought" as stated by the Circuit judge. The case of *Jones* v. *Kilgore,* 2 *Rich. Eq.* 64, is not in conflict with *Heilbron* v. *Bissell,* and *Brice* v. *Hamilton,* as that case does not determine when the creditor shall make the application. Nor is there any case which confines it to "suit brought." Judge Pressley, as we understand his decree, did not undertake to decide what application should be made of any of the payments, except the proceeds of the cotton crop. These he did adjudge should be applied to the $2,000 secured by mortgage and agricultural lien, and in this we concur. As to the other payments, he determined the principle, but, as we think, incorrectly, by which they should be applied, recommitting the report to be reformed in accordance therewith, directing the referee to confine his investigations as to Massey's indebtedness for the year 1870. The fact that he confined the referee to a computation of Massey's indebtedness for the year 1870 did not determine that all the payments, including the cotton crop, should be applied to that indebtedness alone ; on the contrary, the application of the payments other than the cotton crop was to be governed by the rules which he laid down.

This brings us to the decree of Judge Hudson. There is no error in this decree so far as the credits other than the value of the mules are concerned. There can be no doubt that the proceeds of the cotton should be credited on the note and account secured by the mortgage and agricultural lien, for the reason already given, and we concur with Judge Hudson, that the value of the mules was properly fixed at $600. Judge Pressley left

the application of this sum open, to be determined by the rules which he laid down. But the referee, supposing that he was concluded by the decree of Judge Pressley, declined to hear testimony on the subject, and applied his credits to the entire advances of 1870. Judge Hudson does not appear to have made any ruling on the question whether the referee should have allowed further testimony as to the value of the mules and the application thereof, but he overruled the referee's application, and directed it to the note and account secured by mortgage, to wit, the $2,000 portion of the advances of 1870. There is no exception to this decree in that it made no ruling as to the power of the referee on the second reference on the question of the value of the mules and the application thereof; but the exception as to this point is, that Judge Hudson erred in directing the application to the $2,000 debt alone, to the exclusion of the excess of the advances for the year 1870, and other indebtedness of Massey.

Inasmuch as according to the cases cited *supra*, Bryce & Co., the creditors, had until judgment to make the application, in the absence of an application by Massey, the debtor, at the time of payment, and as the decree of Judge Pressley limited this privilege as to the creditor to "suit brought," which Judge Hudson sustained, under this ruling Bryce & Co. have been deprived of the opportunity of directing such application, which is their right; under these circumstances it was error to apply the value of the mules as directed in the decree. In our opinion, the payments, other than the value of the mules, should first be applied to the $2,000 debt—the proceeds of the cotton at the date of the sales. This will leave a small balance due on this debt, and whether any portion of the value of the mules shall be made to this balance, or whether the whole of that credit shall go to excess of the advances of 1870, over the secured $2,000 debt, or to other indebtedness due at the time the mules were received, must be left to the discretion of Bryce & Co. to exercise before judgment, in the absence of any application by Massey at the time he sold said mules, which facts can only be determined perhaps by another reference.

It is the judgment of this court that the judgment of the Cir-

.cuit Court be modified so as to leave the question as to the appli-
cation of the value of the mules open, to be determined according
to the principles hereinabove, and that in all other respects
it be affirmed. Let the case be remanded to the Circuit Court.